**KAHLE et al. v. AMTORG TRADING CORP.**

Civ. A. No. 11857.

United States District Court
D. New Jersey.

Sept. 30, 1952.

Thomas J. Brogan, Jersey City, N. J., for plaintiffs.

Morton Stavis, Newark, N. J., for defendant.

SMITH, District Judge.

This is a civil action in which the plaintiffs sought to recover the purchase price of a certain machine which they agreed to manufacture for and deliver to the defendant. The action was heretofore before this Court on two motions: a motion for judgment on the pleadings, filed by the plaintiffs under the Federal Rules of Civil Procedure, rule 12(c), 28 U.S.C.A., and a motion for summary judgment, filed by the defendant under the Federal Rules of Civil Procedure, rule 56, 28 U.S.C.A. The former was supported by the affidavit of one of the plaintiffs and the exhibits thereto annexed, and the motion was therefore treated as one for summary judgment and disposed of as provided in Rule 56. The issues raised by the motions were fully discussed by this Court in an opinion filed herein, Kahle v. Amtorg Trading Corporation, D.C., 93 F.Supp. 405.

The motion of the defendant was sustained and a judgment in its favor was thereupon entered on December 4, 1950. An appeal from the said judgment was dismissed on March 29, 1951, on agreement of the parties pursuant to Rule 29, subdivision (8) of the Rules of the United States Court of Appeals for the Third Circuit. The action is again before the Court on the motion of the plaintiffs, filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to be relieved of the said judgment.

The pertinent provisions of Rule 60(b) read as follows: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, * * * for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

*. * * or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time and for reasons (1), (2), * * * not more than one year after the judgment, * * * was entered or taken."

The present motion is predicated principally upon the grounds enumerated in subdivision (1) of the Rule, to wit, mistake, "inadvertence and excusable neglect." The motion is supported by the affidavit of one Jacob Hohenstein, the same plaintiff who executed and filed an affidavit in support of the motion for judgment on the pleadings. The said affiant now states that since the entry of judgment and the dismissal of the appeal he has searched his files and has "found" certain correspondence which he thought "was of no importance or relevance" when the action was commenced. There is no suggestion in his affidavit that this documentary evidence was not available to the plaintiffs prior to the hearing on the original motion or that it could not have been "found" by the exercise of due diligence.

It seems obvious from the affidavit that the mistake, if any, was that of the plaintiffs, who admittedly delivered only part of their file to the attorney who then represented them; the affiant admits that he withdrew from the file and delivered to the attorney only the documentary evidence which he "believed to be pertinent to the claim." The plaintiffs may not have been aware of the "importance or relevance" of the documentary evidence which they now offer, but this did not relieve them of the duty to make full disclosure to their attorney, who was competent to appraise the evidence. The course which they pursued was improvident but it was nevertheless intentional.

The conduct of the plaintiffs must be examined in the light of the history of this litigation, and particularly of the earlier motions. This is an action in which the plaintiffs sought to recover the purchase price of a certain machine which they admittedly failed to deliver within the time prescribed by contract. The failure to deliver the machine within time was interposed as a defense in this action and was urged by the defendant in support of its motion for summary judgment. The evidence which is now offered in support of the present motion was relevant and material to the issue raised by this defense. The failure of the plaintiffs to make this evidence available to their attorney and to the Court is not understandable, and their explanation for this failure appears rather tenuous. It is not without significance that at the hearing on the original motions the plaintiffs endeavored to excuse their failure to make delivery of the machine within time on grounds other than those now urged.

█ The provisions of Rule 12(c), supra, were invoked by the plaintiffs and, notwithstanding the cross-motion for summary judgment filed by the defendant, they elected to proceed on the record made at the hearing. We may assume, in the absence of evidence to the contrary, that this was a deliberate election made on the advice of counsel. It is our opinion that under the circumstances the plaintiffs may not be relieved of an adverse judgment on their representation that they are in possession of additional evidence which they thought "was of no importance or relevance" when the motion was argued. If summary judgments are vacated on such tenuous grounds they will lack finality and the very purpose of Rule 56, supra, will be defeated. There will be no end to litigation.

The plaintiffs would not be entitled to prevail if the present motion were predicated on the ground defined in subdivision (b)(2) of the Rule. Greenspahn v. Joseph E. Seagram & Sons, 2 Cir., 186 F.2d 616; Von Wedel v. McGrath, D.C., 100 F.Supp. 434. The conditions prescribed by this subdivision are not present in the instant case. May the plaintiffs, unable to meet the requirements of subdivision (b)(2), avoid them by an expedient resort to the grounds enumerated in subdivision (b)(1)? It is our opinion that the answer must be in the negative, especially where, as here, the

mistake was a mistake of judgment ascribable solely to the plaintiffs. Greenspahn v. Joseph E. Seagram & Sons, supra.

This is not a case in which a litigant failed to defend because of "mistake, inadvertence, surprise, or excusable neglect", the case in which subdivision (b)(1) is usually invoked. See Tozer v. Charles A. Krause Milling Co., 3 Cir., 189 F.2d 242; Kwasizur v. Cardillo, 3 Cir., 175 F.2d 235. The plaintiffs were accorded a hearing on their motion and were afforded a full opportunity to present the evidence in their possession, including the evidence upon which the present motion rests.

■ The present motion, although made within one year after the entry of judgment, was not made within a reasonable time. The judgment was entered on December 4, 1950 and the appeal therefrom was dismissed on March 29, 1951. The present motion was not filed until September 17, 1951, more than nine months after the entry of judgment and more than five months after the dismissal of the appeal. We would not be inclined to regard this lapse of time as fatal if it were not for the fact that the evidence was in the possession of the plaintiffs at all times.

The motion will be denied.