Oscar D. PADGETT, d/b/a Waco Milling Company, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17797.

United States Court of Appeals Fifth Circuit.

Dec. 14, 1959.

Joseph B. Bergen, Savannah, Ga., for appellant.

William E. Mullin, Alan S. Rosenthal, Attys., Dept. of Justice, Washington, D. C., George Cochran Doub, Asst. Atty.

---

2. These are summarized in Judge Rives' dissenting opinion, 5 Cir., 258 F.2d 851, 859 at page 860 and detailed in his note No. 1.

Gen., Frank O. Evans, U. S. Atty., Macon, Ga., for appellee.

Before RIVES, Chief Judge, and TUTTLE and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellant bought Non-fat Dry Milk Solids from the Commodity Credit Corporation during the period between May and August of 1954, at a restricted-use price which was below that which would have been charged for unrestricted uses. The United States brought suit against the appellant charging that the dry milk had been used otherwise than for the restricted use and seeking to recover, pursuant to the terms of the contract of sale, the difference between the price paid and the price payable for dry milk without restrictions upon its use. The appellant's defense was, primarily, that agents of the Government had represented to him that the only condition of the sale was that the dry milk must be sold or otherwise disposed of before November 1, 1954. There was a trial before a jury and a directed verdict for the Government. The verdict was returned on May 7, 1958, and judgment for the Government was entered the same day. The appellant made a timely motion for judgment notwithstanding the verdict or in the alternative, for a new trial. This motion, after two postponements which had been granted at the request of the parties, was set for hearing on October 17, 1958. The appellant had been represented by two attorneys, one of whom resided at Sandersville, Georgia, where the appellant lived, and the other practiced at Macon, Georgia, the seat of the court. On October 13, 1958, the appellant's Macon counsel wrote a letter to the Judge who had presided at the trial saying that the Sandersville counsel had advised that the appellant did not wish to pursue his motion. The letter recited that a copy of it was going to the District Attorney in order that he could take an order dismissing the motion. This letter indicated that copies of it were being sent to Sandersville counsel and the appellant as well as to the attorney for the United States. An order was entered on October 16, 1958, denying the motion, the order reciting that counsel for the appellant had advised the court that he did not want to pursue his motion.

On December 8, 1958, the appellant engaged other counsel who are located at Savannah, Georgia. The respective locations of the appellant's attorneys are unimportant in the decision but are mentioned only as a convenience in identifying them. On January 8, 1959, the appellant's Savannah counsel filed on his behalf a motion for relief under Rule 60 (b) (6), Federal Rules of Civil Procedure [1] in which it was said that the motion for judgment non obstante or for a new trial had not been dismissed or heard and no notice of the court's intention to deny the motion was given to appellant; that the motion should be granted; and since the time for appeal had expired the right of appeal would be lost unless the motion was granted. The Government moved to dismiss the appellant's motion for relief under Rule 60 (b). A hearing was had. The Savannah counsel stated that on December 8, 1958, he had inquired of Macon counsel by telephone if there had been an order on the motion for judgment non obstante and Macon counsel had indicated that there had not been an order entered. Savannah counsel further stated he did not learn until December 17, 1958, that the order had been entered. No contention was initially made that the appellant's original counsel were not authorized to write the court that the motion would not be pursued and could be denied. "All of that," said Savannah counsel at the hearing, "took place prior to December

---

[1]. "* * * On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment. * * *" 28 U.S.C.A.

16, which was the date, the final date, upon which he could appeal. We were retained before that date and based on the information we received we were under the impression that the appeal date had not expired, and of course, we had ample time, we had a week there, and if we had known of the status of the case it would have been very simple for us to have filed a simple notice of appeal with the clerk and preserved our client's rights." After saying he would not challenge the statements of Sandersville and Macon counsel, Savannah counsel made a motion to continue the hearing so that the appellant might be present for the apparent purpose of contradicting or explaining the testimony of his former counsel.

The hearing was continued until February 13, 1959. On that day an amended motion under Rule 60(b) (6) was filed asserting that the letter of October 13, 1958, to the court was written by appellant's former counsel under a mistaken apprehension of appellant's actual intentions as to his future course in the case. Testimony of the appellant, his former counsel, and others was given. At the close of the testimony the appellant urged that he was not only entitled to relief under Rule 60(b), but that he was also claiming the benefits of Rule 73(a), Federal Rules of Civil Procedure [2] as he did not know of the entry of the order denying his motion and the clerk had given him no notice of it as required by Rule 77(d), Federal Rules of Civil Procedure.[3] On the conflicting evidence before it, the district court found that there was no mistake, inadvertence, surprise or excusable neglect producing or contributing toward the entry of the order against which relief was sought and no other reasons justifying relief; but on the contrary the appellant made a considered choice to drop and discontinue the litigation both as to the motion and as to the possibility of appeal. The motion for relief under Rule 60(b) was denied and from the order of denial a prompt appeal was taken.

The appellant asserts error in the district court's finding that the appellant consented to the denial of his motion for judgment notwithstanding the verdict or for a new trial, and in the finding that there was no mistake, inadvertence, surprise, or excusable neglect producing or contributing toward the entry of the court's order on the motion for judgment non obstante or for a new trial. There were sharp conflicts in the evidence and the district court, in the discharge of its function and upon ample testimony, resolved the conflicting contentions for the Government and against the appellant. It is futile, under such circumstances, to urge that this Court assume a fact situation contrary to the district court's findings. The assertions of the appellant that Rule 60(b) should be liberally construed and applied are sound, but do not justify the granting of relief except in cases where the rule by its terms applies. The decision of the district court is right, and the judgment of that court is

Affirmed.

2. "When an appeal is permitted by law from a district court to a court of appeals the time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from unless a shorter time is provided by law, except that in any action in which the United States or an officer or agency thereof is a party the time as to all parties shall be 60 days from such entry, and except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment the district court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed."

3. "Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon every party affected thereby who is not in default for failure to appear, and shall make a note in the docket of the mailing. * * * Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 73(a)."