Lavina **TOROCKIO** et al., Plaintiffs,

v.

**CHAMBERLAIN MFG. CO.**, a corp., et al., **Defendants.**

Civ. A. No. 68–1047.

United States District Court,
W. D. Pennsylvania.

Aug. 3, 1972.

Harry Alan Sherman, Pittsburgh, Pa.. R. Herbert Buchman, Greensburg, Pa., for plaintiffs.

Daniel M. Berger, Berger & Kapetan, Robert L. Frantz, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., Robert W. Lees, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., Frank J. Donner, Robert Z. Lewis, New York City, Thomas M. Kerr, Pittsburgh, Pa., for defendants.

## OPINION

HUBERT I. TEITELBAUM, District Judge.

On March 13, 1972, 456 F.2d 1084, this action was remanded

". . . for consideration of a motion, to be promptly filed, pursuant to Fed.R.App.P. 4(a) to approve *nunc pro tunc* the filing of a notice of appeal on July 28, 1971, and for such other proceedings as the district court may find appropriate."

The order from which notice of appeal was filed on July 28, 1971, was one which was dated June 8, 1971,[1] and which dismissed a class action charging sex discrimination in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.). The dismissal was occasioned by the failure of the plaintiffs to file the action within thirty days of the notice of the right to sue by the Federal Equal Employment Opportunity Commission, which failure made the action jurisdictionally unacceptable.[2]

The primary difficulty on appeal was that Fed.R.App.P. 4(a) which prescribes that a notice of appeal "shall be filed with the clerk of the district court within 30 days of the date of the entry of the judgment or order appealed from . . ." rendered the Notice of Appeal untimely.

The issue was raised on appeal by the appellee's motion to the appellate court to dismiss the appeal as untimely filed.

---

1. This is the interpretation of the appellate court notwithstanding the explicit recitation of the Notice of Appeal that plaintiffs appealed from "the judgment . . . dated July 7, 1971", a subsequent order in this action.

2. The Opinion of the Court dismissing the action is reported at 328 F.Supp. 578 (D.C.W.D.Pa.1971).

The appellate court however, noting that Fed.R.App.P. 4(a) allows an appeal filed within 30 days of the expiration of the original 30 days upon a showing of excusable neglect,[3] remanded the action for a consideration of a motion, promptly filed, to approve *nunc pro tunc* the untimely filed but validatable notice of appeal of July 28, 1971. In the event of such a motion, the appellate court allowed that

> ". . . the district court may, of course, take into account the expiration of time between the entry of judgment and the making of the motion in determining whether possible prejudice to the appellee from such delay would justify its denial."

Ancillary to the matter of the timeliness of the plaintiffs' Notice of Appeal was, and is, the matter of this Court's order of July 7, 1971 in this action which denied plaintiffs' Petition for Reconsideration, Review, and Reinstatement of Complaint. The petition was denied because the order of June 8, 1971 had dismissed the action "without prejudice", and, therefore, the plaintiffs were free to refile the action if it were subsequently caused to be made jurisdictionally acceptable. The appellate court suggested that on the remand of the appeal from the order of June 8, 1971, this Court reconsider the plaintiffs' petition in light of the fact that while indeed the action had not been filed within thirty days of the issuance of the only "Notice of Right to Sue Within 30 Days" letter known to the Court at the time of the dismissal, the "second E.E.O.C. notice", which issued April 25, 1969, during the pendency of the action was brought to the Court's attention in the petition.

On March 14, 1972, the plaintiffs filed a "Motion of Plaintiffs for Reconsideration of Order of Dismissal Without Prejudice Entered July 7, 1971, and for Leave to File Amended Complaint, or In the Alternative, for Leave to File Appeal Nunc Pro Tunc". After oral argument on the motion, the plaintiffs filed an amended motion on April 3, 1972. On June 23, 1972, a hearing was held to afford any and all parties to this action an opportunity to introduce evidence with respect to either end of plaintiffs' amended motion. A record having been thus developed, the plaintiffs' petition is ripe for disposition.

## THE REQUEST FOR RECONSIDERATION

In the order of June 8, 1971, which dismissed the action, it was held that one · of the indispensable jurisdictional preconditions to the maintenance of an action under Title VII of the Civil Rights Act of 1964 was that it be filed within 30 days of receipt from the E.E.O.C. of a "Notice of Right to Sue Within 30 Days" letter. Since the only letter from the E.E.O.C. to the nominal plaintiffs offered (Lavina Torockio's) antedated the filing of the action by approximately three months, jurisdiction was found wanting. The plaintiffs' petition of June 30, 1971 sought to have the complaint reinstated on the basis of a letter which was issued from the E.E.O.C. to another of the nominal plaintiffs (Mary Mehalic) on April 25, 1969, while the action was pending. The appellate court thought this Court to have missed the point of the petition since the letter was, by June 30, 1971 standing alone, stale, and consequently would not support a new action.

---

3. "Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate."

The point of the plaintiffs' petition was not missed. The letter from the E. E.O.C. to Mary Mehalic of April 25, 1969 was not for the purpose of notifying her of her right to sue within 30 days. The letter was solely for the purpose of advising her that "reasonable cause" to believe that an unlawful employment practice had been committed existed and that conciliation efforts would be undertaken to eliminate the practice. Therefore, there was no need to reinstate the action. No necessary "Notice of Right to Sue Within 30 Days" letter had cured the jurisdictional defect[4] nor engaged the thirty days, and, presumably, since the action had been dismissed without prejudice, the plaintiffs would be in a position to file a new action if and when an appropriate "Notice to Sue" letter were issued.

By contrast, the plaintiffs' pending motion, made on March 14, 1972, and amended on April 3, 1972, includes as an exhibit a final "Notice to Sue" letter to Mary Mehalic. It is dated January 2, 1970. I do not doubt that had this letter been brought to the attention of the Court before this action was dismissed, it may well have served to provide the wanting jurisdiction. See Henderson v. Eastern Freightways, Inc., 460 F.2d 258 (4th Cir. 1972). But it was not. Nor was it brought to the attention of the Court by the petition to reconsider of June 30, 1971. It was first brought to the attention of the Court on March 14, 1972.[5]

■ The plaintiffs' amended motion, insofar as it seeks reconsideration of the July 7, 1971 Order, purports to be made "pursuant to Rule 15 and Rule 60(b) (1) or 60(b) (6)" of the Federal Rules of Civil Procedure.[6] Rule 15 is concerned with amending and supplementing pleadings. Rule 60 is concerned with obtaining relief from a judgment or an order. In Ginsburg v. Stern, 242 F.2d 379 (3rd Cir. 1957) it was observed that Rule 60(b) and not Rule 15(a) "provides the basis for relief from a final judgment". And in Mull v. Colt Co., 31 F.R.D. 154, 157 (D.C.S.D.N.Y.1962) it was noted that,

"[A]fter a judgment of dismissal has been entered, the appropriate course for a plaintiff seeking to amend is to

4. That a "Notice to Sue" letter is an indispensable jurisdictional precondition to the maintenance of a Title VII action has become more firmly established since the dismissal of this action on June 8, 1971. See Green v. McDonnell Douglas Corp., 463 F.2d 337 (8th Cir. 1972); Harris v. National Tea Co., 454 F.2d 307 (7th Cir. 1971); and Robinson v. Lorillard Corp., 444 F.2d 791 (4th Cir. 1971).

5. Apparently the "Notice to Sue" letter to Mary Mehalic was attached to the Amended Complaint of the plaintiffs which was refused acceptance by the Clerk of Court in July of 1971. The simple reason for the Clerk's refusal was that the plaintiff sought to file the Amended Complaint a few days following the Order of Court of July 7, 1971, which denied permission to the plaintiff to reinstate the complaint.

6. If the motion is properly construed as one either under Rule 52(b) or Rule 59 of the F.R.C.P. it is incurably untimely under Rule 6(b). Rule 6(b), provides that the court

". . . may not extend the time for taking any action under Rules 50 (b), 52(b), 59(b), (d), and (e), and 60(b), except to the extent and under the conditions stated in them."

It is well-settled that this provision is mandatory and jurisdictional, and cannot be circumvented regardless of excuse. See United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); Lapiczak v. Zaist, 451 F.2d 79 (2nd Cir. 1971); Motteler v. J. A. Jones Construction Company, 447 F.2d 954 (7th Cir. 1971); Perry v. Richardson, 440 F.2d 677 (6th Cir. 1971); Spurgeon v. Delta Steamship Lines, Inc., 387 F.2d 358 (2nd Cir. 1967); Steward v. Atlantic Refining Company, 235 F.2d 570 (3rd Cir. 1956); and Glick v. White Motor Co., 317 F.Supp. 42 (D.C.E.D.Pa.1970). See, generally, Advisory Committee's Note of 1946, 2 Moore's Federal Practice ¶ 6.01 [6] and 2 Moore's Federal Practice ¶ 6.07 [1].

move to reopen the judgment pursuant to Rule 60(b), Fed.R.Civ.P."

The plaintiffs' motion seeks relief from a final judgment. Accordingly, it will be measured solely by the standards of Rule 60(b).[7]

■ Rule 60(b) provides as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reason[s] (1) . . . not more than one year after the judgment, order, or proceeding was entered or taken."

Initially it is to be noted that under either Rule 60(b)(1) or 60(b)(6)[8] the plaintiffs' motion is timely. Substantively, relief under Rule 60(b) is a matter addressed to the discretion of the Court. Hale v. Ralston Purina Company, 432 F.2d 156 (8th Cir. 1970); Farmers Co-operative Elevator Association Non-Stock of Big Springs, Nebraska v. Strand, 382 F.2d 224 (8th Cir. 1967); Curtis Publishing Co. v. Butts, 351 F.2d 702 (5th Cir. 1965); Delzona

Corporation v. Sacks, 265 F.2d 157 (3rd Cir. 1959); and Tozer v. Charles A. Krause Milling Co., 189 F.2d 242 (3rd Cir. 1951).

At the hearing held on June 23, 1972, the plaintiffs' attorney testified that the letter of January 2, 1970 was not brought to the attention of the Court befor the action was dismissed simply because he was under the missimpression that a "Notice to Sue" letter was not a jurisdictional prerequisite to the maintenance of the action. He further testified that he obtained the letter of January 2, 1970 only after the action was dismissed. There was no testimony as to whether or not he knew of or asked for the letter before the action was dismissed. I presume that if he had known of the existence of the letter he would have presented it to the Court in an effort to obviate the need to inquire into the jurisdictional aspect of the action,[9] and that it was only in the absence of knowledge of its existence that he argued the jurisdictional dispensibility of a "Notice to Sue" letter. I will proceed, however, in the alternative, i. e., that either (1) the plaintiffs' attorney mistook the law or (2) the plaintiffs neglected to advise their attorney of the existence of the letter.

■ In John F. Smith's Sons Co. v. Lattimer Foundry & Mach. Co., 239 F.2d 815 (3rd Cir. 1956), citing Federal De-

---

7. See also, generally, 3 Moore's Federal Practice ¶ 15.07 [2].

8. The plaintiff contends that the motion may also be appropriate under 60(b)(2) which provides for relief in an instance of "newly discovered evidence". Under 60(b)(2), however, the "newly discovered evidence" must not have been earlier discoverable through due diligence. In this action, the circumstances surrounding the plaintiffs' motion and the date of the "Notice to Sue" letter to Mary Mehalic clearly defeat the appropriateness of the motion under 60(b)(2). See Giordano v. McCartney, 385 F.2d 154 (3rd Cir. 1967) and Plisco v. Union Railroad Co., 379 F.2d 15 (3rd Cir. 1967), cert. den.,

389 U.S. 1014, 88 S.Ct. 590, 19 L.Ed.2d 660 (1967).

9. Defendant Chamberlain first filed its Motion For Summary Judgment on November 27, 1970. One of the reasons advanced in support of its motion was that the action had not been filed within 30 days of receipt by Lavina Torockio of her "Notice to Sue" letter. Following the filing of the motion, full opportunity was afforded all parties to present their positions. Written briefs were solicited and oral argument heard, and throughout the proceedings the position of the plaintiffs was, as the plaintiffs' attorney testified, that a "Notice to Sue" letter was not "essential or jurisdictional" to the action.

posit Insurance Corp. to Use of Secretary of Banking v. Alker, 234 F.2d 113 (3rd Cir. 1956), it was stated that,

". . . Rule 60(b) provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances."

See also Flett v. W. A. Alexander & Co., 302 F.2d 321 (7th Cir. 1962), cert. den. 371 U.S. 841, 83 S.Ct. 71, 9 L.Ed.2d 77 (1962); Kaiser Aluminum & Chemical Corporation v. United States, 409 F.2d 238, 187 Ct.Cl. 443 (1969), concurring opinion of Cowen, C. J.; and Farmers Co-operative Elevator Association Non-Stock of Big Springs, Nebraska v. Strand, *supra*.[10] There has been no showing in this action of exceptional circumstances. If the plaintiffs' attorney knew of the letter and consciously failed to file it thinking it unnecessary or extraneous, and relief under Rule 60(b) (1) were available,[11] all semblance of the finality of judgments would be lost. Moreover, if relief were allowed Rule 60(b) (1) would be undesirably converted to a vehicle for horizontal appeal, a purpose for which it was not designed. Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); Brown v. Pennsylvania Railroad Co., 282 F.2d 522 (3rd Cir. 1960); 7 Moore's Federal Practice ¶¶ 60.18 [8] and 60.-27 [2]. Therefore, I conclude that relief is not available to the plaintiffs under Rule 60(b) (1) for their attorney's mistake of law.

Nor, alternatively, is relief available if the latter was not brought to the attention of the Court because the plaintiffs' attorney was not advised of the existence of the letter. In Kahle v. Amtorg Trading Corp., 13 F.R.D. 107 (D.C.D.N.J.1952), in a strikingly similar setting, a motion under Rule 60(b) (1) was denied. In *Kahle*, the motion was made following the dismissal of the action. It was "predicated principally" upon the finding of "certain correspondence" by the plaintiff after the dismissal which he thought "was of no importance or relevance" to the action. In law, however, it was relevant. The court concluded that while the course pursued by the plaintiffs in failing to advise their attorney of the existence of the correspondence was "improvident", it was nonetheless "intentional", and would, therefore, preclude relief under Rule 60(b) (1). Borrowing from the reasoning in *Kahle*, I conclude that the failure of the plaintiffs to advise their attorney of the existence of the "Notice to Sue" letter of January 2, 1970 is not "excusable neglect". Thus, not unmindful of the remedial nature of Rule 60(b), as well as the remedial nature of the Civil Rights Act of 1964, I think the plaintiffs' motion, insofar as it relates to relief from the Order of Court of June 8, 1971, must be denied.

### THE REQUEST FOR LEAVE TO APPEAL

On the other hand, insofar as the plaintiff's motion relates to leave to file an appeal from the Order of Court of June 8, 1971, *nunc pro tunc* as of July 28, 1971,[12] I think the motion may be

---

10. Cf. Padgett v. United States, 272 F.2d 774 (5th Cir. 1959), which put a liberal construction on Rule 60(b).

11. The six clauses of Rule 60(b) are mutually exclusive. Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949). Therefore, since the plaintiffs' reason for relief falls within those contemplated by clause (1), it would not be proper to allow relief under clause (6).

12. Again, the Notice of Appeal being *validated* is that of July 28, 1971, the only Notice of Appeal in this action to this Court's knowledge filed within the second 30 days, and that Notice of Appeal is, by its terms, from the Order of Court of July 7, 1971, not that of June 8, 1971.

granted. At the hearing of June 23, 1972, the plaintiff's attorney testified that: (1) he thought the dismissal was not final since it was as to a jurisdictional matter and not as to the merits;[13] (2) he thought that "without prejudice" meant the complaint could be amended; (3) he didn't file an appeal within the first thirty days because he thought an amended complaint would be allowed; (4) he was with his ailing daughter in Miami, Florida and Topeka, Kansas almost continuously from July 1 to July 16, 1972 and during that time was unable to file an appeal; (5) he has practiced law for approximately 40 years; and (6) he is a sole practitioner.

█ Although I find it implausible that the highly experienced plaintiffs' attorney thought the dismissal not to be final, I accede to the suggestion that his neglect to file a notice of appeal within thirty days is excusable in light of all the circumstances, including the testified to confusion surrounding the designation "without prejudice", the failure of the defendant to show any possible prejudice from the elapsed nine months and the apparent disposition of the Court of Appeals with respect to this action. Too, I am not inclined to even preliminarily deny any party to any litigation a right to an appeal. Thus, although I do so with restrainable enthusiasm, that end of the plaintiffs' motion seeking to validate the filing of the Notice of Appeal of July 28, 1971, *nunc pro tunc*, will be granted.

An appropriate Order will be entered.

13. At the hearing plaintiffs' counsel raised the curious contention that he thought the order of dismissal not intended to be final since for the purpose of the order the defendant's motion for summary judgment was treated as a motion to dismiss. This contention is spuriously without merit and does plaintiffs' counsel little credit. However, I am ignoring its implication in passing on the bona fides of his contention as to his misinterpretation of "without prejudice".