**UNITED STATES of America**

v.

**Robert SKALSKY and Edith Skalsky, his wife.**

Civ. A. No. 74–2691.

United States District Court, E. D. Pennsylvania.

June 30, 1976.

---

Robert S. Forster, Jr., Asst. U. S. Atty., U. S. Dept. Justice, Philadelphia, Pa., for plaintiff.

Edith and Robert Skalsky, pro se.

## OPINION

FOGEL, District Judge.

The United States brought this action against the defendants, Robert and Edith Skalsky, pursuant to Section 7401 of the Internal Revenue Code of 1954, 26 U.S.C. § 7401, for alleged unpaid tax liabilities which are in excess of $400,000.00, for the years 1961, 1962 and 1964. Jurisdiction was grounded upon 28 U.S.C. §§ 1340, 1345, and 26 U.S.C. § 7402. We entered summary judgment against defendants on September 12, 1975, but stayed execution of judgment to allow time for defendants to obtain counsel, and to move to set aside judgment; defendants did obtain counsel and the motion to set aside judgment, pursuant to Fed. R.Civ.P. 60(b)(1), was filed on November 17, 1975; the motion was denied in an Order dated April 30, 1976. Defendants have appealed from the latter Order; since this appeal has been filed *pro se,* we believe it to be helpful to state our reasons for entering summary judgment against defendants, and for denying defendants' motion to set aside that judgment in light of the history and facts of the case.

## I. PROCEDURAL HISTORY AND FACTS OF THE CASE

The history of this case centers about defendants' inability to retain counsel, primarily due to their failure to pay the series of attorneys who have appeared before us.[1] The complaint in this action was filed on October 15, 1974. Defendants originally were represented by Ronald Kidd, Esq. of the firm of Duane, Morris & Heckscher; however, Mr. Kidd, on March 4, 1975, filed a motion to withdraw as counsel, and this motion was granted on May 30, 1975. On May 13th, however, before permitting him to withdraw, we held a conference; that conference was attended by counsel for the Government, Robert Skalsky and Mr. Kidd, whom we had requested to attend in the event that defendants had not obtained other counsel by that time. At that conference, we stated we would grant Mr. Kidd's request to withdraw on condition that he inform defendants of their responsibilities regarding the further conduct of the litigation, particularly with respect to the prepa-

---

1. Nothing in the record before us demonstrates defendants' financial condition with respect to their ability or inability to pay counsel.

ration of the pretrial material. (Mr. Kidd did this by letter to defendants dated May 19, 1975, and we then granted his motion to withdraw.) At the May 13th conference, we also warned Mr. Skalsky of the dangers of proceeding without counsel, and recommended that he seek other representation; we stressed, however, that even should he decide to conduct his own defense, we expected him to comply in substance with our pretrial requirements, and meet the deadlines which had been established.

We soon recognized, however, that as the scheduled date for trial was June 25th, defendants would find it difficult to prepare adequately for trial, even should they obtain counsel. Therefore, we granted the first of many extensions in this action, and by Order dated June 4th, we cancelled the then current time frames, and scheduled a further conference in July.

At the time of that conference, July 16, 1975, defendants still had not retained counsel; Robert Skalsky was present at this conference, and we again informed him that while he was free to represent himself and his wife in this matter, it would be in their best interests to obtain counsel, considering the amount of the judgment sought by the Government. We proceeded to set new time frames for the further conduct of the litigation, with trial scheduled to commence on September 16, 1975.

Mr. Skalsky then attempted to obtain representation from the Montgomery County Legal Aid Services, and a representative of that office, Arnold Laikin, Esq., attended a conference before this court. on September 12, 1975. The primary purpose of that conference was to consider a motion for summary judgment which had been filed by the Government. On June 26, 1975, the Government had filed a request for admissions pursuant to Fed.R.Civ.P. 36.[2] This rule states in relevant part:

Each matter of which an admission is requested shall be separately set forth.

The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney . . . .

No response to these requests was ever filed by defendants; the material contained in the requests, if deemed to be admitted, was sufficient to establish defendants' liability. On this basis, the Government filed a motion for summary judgment on September 4, 1975, and a conference was scheduled for September 12th. Defendants did not file any memorandum in response to the summary judgment motion.

At the September 12th conference, defendants were, as noted, represented by Arnold Laikin, Esq. Robert Skalsky also attended this conference.[3] Mr. Laikin stated, however, that he had not entered an appearance in the action, and it was not certain that Legal Aid Services would agree to represent defendants. Based upon the facts elicited on that date, we did the following: The Government's motion for summary judgment was granted, but the Order was dated one week later; that is, September 19, 1975, and was held by the Court pending a further conference, which was scheduled for that date; this second extension was granted to give Mr. Skalsky time to work out the details of his representation; however, he was instructed to appear at the September 19th conference, with or without counsel, in order to show cause why summary judgment should not be entered against him.

Defendant Robert Skalsky appeared at the conference on September 19th, without counsel, Legal Aid Services having declined to represent defendants in the matter. Mr. Skalsky explained that he intended to de-

---

**2.** The Government also filed a first set of interrogatories and a request for production of documents on that date.

**3.** Mr. Skalsky had, in fact, attended all previous conferences in this matter; the dates of these conferences were January 30, 1975; May 13, 1975; and July 16, 1975.

fend the action if possible, but that due to his financial difficulties he needed time to obtain counsel. Despite the several warnings which had been given to Mr. Skalsky regarding the danger of proceeding without counsel, and Mr. Skalsky's generally lethargic response to those admonitions, we were, nevertheless, still unwilling to subject defendants to the harsh penalty of final judgment based primarily upon the failure to respond to requests for admissions. However, we impressed upon Mr. Skalsky the importance of taking prompt action. Therefore, in the presence of a court reporter at the September 19th conference, we ordered that summary judgment be entered in favor of the Government and against defendants, *but execution of judgment was stayed for thirty days,* in order to give them yet another opportunity to obtain new counsel, and to move to open the judgment. (Document # 20).

Mr. Skalsky next obtained the services of George Wood, Esq.; Mr. Wood simultaneously filed an entry of appearance, and a motion to set aside summary judgment, on November 17, 1975.[4] We held a conference on the motion to set aside judgment on January 28, 1976. At that conference, Mr. Wood stated, inter alia, that he believed that the deposition testimony of a certain witness would show that defendants had a meritorious defense to the action, and he desired to make this testimony a part of the record in support of the motion to set aside judgment. We acceded to this request, thus granting to defendants their *fourth* extension of time; the following deadlines for supplemental briefing were set: (1) defendants were, by March 5, 1976, to submit all affidavits, memoranda, and any other material relevant to, and in support of their motion to set aside summary judgment; (2) the Government was, by April 5, 1976, to submit its reply memoranda and any affidavits relevant to, and in opposition to the motion.

Defendants were, however, again unable to continue to retain counsel; Mr. Wood's

motion to withdraw his appearance was filed on March 4, 1976; this motion was granted on April 28, 1976, by which time it was clear that the differences between defendants and Mr. Wood were irreconcilable.

Again defendants failed to meet the revised deadlines that had been set; no supplemental briefing of any kind was submitted by defendants. In correspondence to this court dated March 2, 1976, and April 3, 1976, Mr. Skalsky requested that consideration of the motion to set aside judgment be stayed pending his daughter's graduation from law school in May, 1976; she would then "prepare [his] case"; clearly, she is not a lawyer admitted to practice before this court. Because we believed that defendants had had a sufficient number of opportunities to present a defense over a period of eleven months, and because we believed that the Government should not be forced to wait indefinitely in order to execute upon the judgment which it had obtained in this matter, we denied defendants' motion to set aside judgment on April 30, 1976.

## II. THE LAW UNDER FEDERAL RULE 60(b)

Rule 60(b) states in relevant part

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect.

Consideration of a motion made under this rule is addressed to the sound discretion of the court, which must consider the facts and circumstances of each particular case. *Torockio v. Chamberlain Mfg. Co.,* 56 F.R.D. 82 (W.D.Pa.1972), *aff'd* 474 F.2d 1340 (3d Cir. 1973); 7 Moore's Federal Practice § 60.19.

 We are, of course, aware, that whenever possible, cases should be decided on their merits; default judgments are not

---

4. Mr. Wood was granted an extension of time to file the motion by this Court, because he had

experienced some difficulty in locating the court file.

favored in the law. *Schwab v. Bullock's Inc.*, 508 F.2d 353 (9th Cir. 1974). Defendants claim that their failure to answer the requests for admissions was due to inadvertence and excusable neglect, in that they were at that time not represented by counsel, and were thus unaware of the potential consequences of this failure.

■ We have not been unsympathetic in our attitude toward defendants in this case; indeed, our reluctance to penalize defendants on the basis of a failure to answer requests for admissions was the precise reason that we stayed execution of the judgment, and encouraged Mr. Skalsky to file a motion to set aside summary judgment. Alleged financial problems, however, cannot be the basis for indefinite delay of the enforcement of a final judgment, nor can such a plea justify the continuing failure to meet the deadlines set by this court; *deadlines which were extended four times over a period in excess of nine months. See* Moore, *supra,* § 60.19. Mr. Skalsky had been warned repeatedly of the dangers of pursuing such a course; he cannot expect this court to grant extension after extension of the stay, merely by averring economic difficulties. Indeed, if his financial condition is as averred, continued delay would only further erode the Government's ability to realize any proceeds upon execution. Thus, we finally refused, as a matter of discretion, in light of all the facts related, to force the Government to further delay execution upon the judgment which it had obtained. (An Appendix setting forth the chronology of events is attached to and made part of this Opinion.) For the reasons stated, we have denied defendants' motion to set aside the judgment.

## APPENDIX

This Appendix sets out, in table form, the sequence of this action, showing the deadlines set and the extensions granted:

1. October 15, 1974 Complaint filed

2. December 31, 1974 Answer filed—Defendants represented by Ronald Kidd, Esq.

3. January 30, 1975 Pretrial conference held—time frames for litigation set.

4. February 4, 1975 Order setting time frames filed:

 (a) discovery to be completed by May 1, 1975;
 (b) settlement conference to be held on May 13, 1975;
 (c) final pretrial order to be filed by June 15, 1975;
 (d) final pretrial conference to be held on June 20, 1975;
 (e) trial to commence on June 25, 1975

5. March 4, 1975 Ronald Kidd files motion to withdraw as counsel for defendants.

6. March 19, 1975 Ronald Kidd files supplementary motion to withdraw as counsel for defendants, specifically based upon defendants' failure to pay fees

7. May 13, 1975 Settlement conference held—attended by Ronald Kidd and Robert Skalsky, as well as attorney for the United States—Ronald Kidd attends conference at request of Court, in that defendants have not yet obtained substitute counsel—court indicates that motion to withdraw as counsel will be granted, provided that Ronald Kidd informs defendants of their responsibilities in preparing for trial, should they decide to proceed without counsel —Robert Skalsky is admonished by the Court with regard to the advisability of retaining counsel

8. May 30, 1975 — Motion to withdraw as counsel GRANTED

9. June 4, 1975 — Specifically due to defendants' lack of counsel, Order filed CANCELLING time frames and setting settlement conference for purpose of setting new time frames. (EXTENSION #1)

10. July 16, 1975 — Settlement conference held—Robert Skalsky cautioned regarding danger of proceeding without counsel, but told it is his right to so proceed if he desires—new time frames for litigation set.

11. July 24, 1975 — Order setting new time frames filed:

(a) final pretrial order to be filed by September 5, 1975;
(b) final pretrial conference to be held on September 12, 1975;
(c) trial to commence on September 16, 1975

12. September 4, 1975 — Government's motion for summary judgment filed

13. September 12, 1975 — Pretrial conference held—Robert Skalsky present, and tentatively represented by Arnold Laikin, Esq.—motion for summary judgment granted, but dated one week hence, to afford defendants an opportunity to finalize details of representation by counsel. (EXTENSION #2).

14. September 19, 1975 — Pretrial conference held—Robert Skalsky appears without counsel—summary judgment entered against defendants, but execution stayed for 30 days to permit defendants time to obtain counsel, and file motion to set aside judgment. (EXTENSION #3).

15. November 17, 1975 — Appearance entered by George Wood, Esq.

16. November 17, 1975 — Defendants' motion to set aside judgment filed

17. January 28, 1976 — Conference held on motion—counsel for defendants states that deposition testimony of a certain witness will evidence a potentially meritorious defense—court grants opportunity for further briefing in order to afford defendants an opportunity to make deposition testimony a part of the record in support of the motion to set aside judgment—Defendants to file supplemental briefing by March 5, 1976; Government to respond by April 5, 1976. (EXTENSION #4).

18. March 4, 1976 — George Wood files motion to withdraw appearance

19. March 4, 1976 — Court receives correspondence from Robert Skalsky requesting extension on ruling on motion until his daughter graduates from law school and can prepare his defense (REQUEST FOR EXTENSION #5)—March 5 deadline for supplemental briefing passes without the submission of any materials by defendants.

20. April 28, 1976 — Motion of George Wood to withdraw appearance GRANTED.

21. April 30, 1976 — Defendants' motion to set aside judgment DENIED.