**In re BUTCHER BOY MEAT MARKET, INC., Debtor.**

**ANDERSON ASSOCIATES, INC., Plaintiff,**

**v.**

**BUTCHER BOY MEAT MARKET, INC. and Sealtest Foods, a Division of Kraftco Corporation.**

**Bankruptcy No. 78–466WK.**

United States Bankruptcy Court, E. D. Pennsylvania.

Nov. 5, 1979.

As Amended Nov. 14, 1979.

Paul L. Herron, Law Offices of Zion & Klein, Bryn Mawr, Pa., for debtor/defendant.

Gene A. Foehl, Media, Pa., for Anderson.

Read Rocap, Jr., Media, Pa., for Sealtest.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

On December 15, 1978, this Court issued an Opinion and ordered that Defendant, Butcher Boy Meat Market, Inc. had no claim to an escrow fund in the amount of $12,132.12 or any accumulated interest thereon. Defendant now moves for relief from that Judgment pursuant to Rule 924, Rules of Bankruptcy Procedure contending that the Opinion of the Court was based upon a supposed "admission" which was in fact a typographical error.

Briefly summarized, the facts are as follows:

Sealtest Foods filed a counterclaim to a complaint in reclamation filed by Anderson Associates, Inc. In this Counterclaim, Sealtest alleged that:

> "21. Butcher Boy and/or Benson Zion were at no time clothed with any right to the sum of $12,132.12, but to the contrary were obligated to endorse the check over to Anderson and not to retain it for any purpose." [1]

On August 2, 1978, Debtor filed its answer to the Counterclaim and omitted to respond or specifically deny allegation number twenty-one (21). In an Affidavit attached to its Motion, Counsel for the Debtor states that his secretary, in typing from his notes, skipped paragraph twenty-one (21) which was answered "denied". Counsel also admits that he compounded the typographical error by failing to read the pleading before coming to Court.

Rule 924, Rules of Bankruptcy Procedure, makes applicable Rule 60 of the Federal Rules of Civil Procedure to bankruptcy cases. Rule 60(b) F.R.Civ.P. provides in pertinent part:

> "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . ."

Based on the Motion's lack of specificity and the stated facts, the Court must infer that Debtor seeks relief from the Judgment pursuant to Rule 60(b)(1). All other portions of that Rule are inapplicable here.

Consideration of a motion made under this Rule is addressed to the sound discretion of the court, which must consider the facts and circumstances of each particular case. *Torockio v. Chamberlain Mfg. Co.*, 56 F.R.D. 82 (W.D.Pa.1972), aff'd. 474 F.2d 1340 (3rd Cir. 1973); *United States v. Skalsky*, 71 F.R.D. 564 (E.D.Pa.1976), aff'd. 556 F.2d 570 (3rd Cir. 1977). When a party seeks to invoke Rule 60(b)(1), he must show he was justified in failing to avoid the mistake or inadvertence. C. Wright and A. Miller, Federal Practice and Procedure § 2258, at 170 (1973). See *United States v. $3,216.59 in United States Currency*, 41 F.R.D. 433, 435 (D.S.C.1967).

Counsel had failed to show that the so-called "typo" was justified. Counsel's error of omission and carelessness cannot be justified by placing the ultimate responsibility for reviewing pleadings on his secretary.

---

1. Sealtest's Counterclaim to Complaint in Reclamation, p. 4.

**157**

Various courts have declared that relief from judgment is not to be granted simply because its entry resulted from the incompetence of carelessness on the part of counsel. *Clarke v. Burkle*, 570 F.2d 824 (8th Cir. 1978); *Bershad v. McDonough*, 469 F.2d 1333 (7th Cir. 1972); *Hoffman v. Celebrezze*, 405 F.3d 833 (8th Cir. 1969); *Greenspahn v. Joseph E. Seagram & Sons, Inc.*, 186 F.2d 616 (2d Cir. 1951).

The admitted failure of Counsel to read the pleadings is not, in the judgment of this Court, inadvertent or excusable neglect. Such confessed errors of counsel do not require a Court to alter a judgment so as to attempt to rectify the carelessness of counsel. Other means of redress for these errors and omissions are available to litigants whose causes are not promoted with the care or fidelity of the oath taken by counsel as an officer of the court.

Furthermore, Rule 11 F.R.Civ.P., although not specifically applicable to bankruptcy cases, places the ultimate burden of reading pleadings on counsel. Rule 11 in pertinent part states as follows:

"The signature of an attorney constitutes a certificate by him that he has read the pleadings; that to the best of his knowledge, information, and belief there is good ground to support it . . ."

To allow relief under these circumstances would undesirably convert Rule 60(b)(1) to a vehicle of horizontal appeal, a purpose for which it was not designed. *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *Brown v. Pennsylvania Railroad Co.*, 282 F.2d 522 (3rd Cir. 1960), cert. denied 365 U.S. 818, 81 S.Ct. 690, 5 L.Ed.2d 696 (1961); *Torockio v. Chamberlain Mfg. Co.*, supra.

Therefore, I conclude that relief is not available to the Defendant under Rule 60(b)(1) for their attorney's error and omission.

### ORDER

AND NOW, to wit, this 5th day of Nov., 1979, based upon the foregoing Opinion, it is

ORDERED and DECREED that the Motion of Butcher Boy Meat Market, Inc. for relief from judgment is hereby DENIED.