387 So.2d 983 (1980)
VIKING GENERAL CORPORATION, Viking Mobile Homes, Inc., Viking Communities Corporation and 119 Properties Corporation, Appellants,
v.
DIVERSIFIED MORTGAGE INVESTORS, Appellee.
Nos. 79-1345 to 79-1352.
District Court of Appeal of Florida, Second District.
July 23, 1980.
Rehearing Denied September 22, 1980.
*984 Walter H. Beckham, Jr. and Joel D. Eaton of Podhurst, Orseck & Parks, P.A., Miami, and Pavese, Shields, Garner, Haverfield, Kluttz & Cottrell, Fort Myers, and Spicola & Larkin, Tampa, for appellants.
Julian D. Clarkson of Holland & Knight, Tampa, and Alan T. Dimond, of Greenburg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff, P.A., Miami, for appellee.
RYDER, Acting Chief Judge.
Viking General Corporation (Viking) appeals from an order vacating judgment, alleging that the lower court exceeded the scope of Viking's motion in granting relief. Diversified Mortgage Investors (DMI) cross-appeals the grant of any post-judgment relief. We reverse and remand for reinstatement of the order based on our prior mandate.
Our first opinion in this case is reported as Diversified Mortgage Investors v. Viking General Corp., 351 So.2d 734 (Fla. 2d DCA 1977), cert. denied, 364 So.2d 893 (Fla. 1978). Viking sought damages for DMI's alleged breach of an agreement to pay off two mortgages on Viking's property if Viking defaulted. We held that the default referred to principal only, closing by noting:
Thus, we hold that because there was no default in principal during the period DMI was obligated to make advances under the agreement, DMI did not breach the agreement and cannot be held liable on the crossclaim. The judgment against DMI is reversed, and the case is remanded for such further proceedings consistent with this opinion as may be necessary.
Id. at 737.
Following the denial of certiorari, Viking filed a motion seeking entry of a judgment in accordance with the mandate of this court, and an order vacating and setting aside the judgment on the ground that it was a product of misrepresentation, inadvertence and mistake pursuant to Fla.R. Civ.P. 1.540(b). Attached to the motion were the affidavits of Wayne Smith, on whose testimony this court relied in finding the default was of interest only, and Howard Frank, an accountant for appellant.
In his affidavit, Smith, vice president of the Exchange National Bank of Winter Haven, stated that although he had previously testified that $17,500.00 interest was due on the note from Viking, he later, and after trial, re-examined the written information supplied by the seller of the note and had determined that the amount overdue was actually principal under the terms of the note, since payments were to be applied first to accrued interest and then to principal. At the time of acceleration on July 1, 1974, the principal due was $19,415.10.
Howard S. Frank, an accountant with Price, Waterhouse & Co., audited the books for American Capital Corporation, the owner of Viking. Frank stated that he had reviewed the note in question and found that the records of Viking had improperly applied the payments made on March 26, 1974, to principal, when the note required the payment first to be applied to interest.
The court entered a final judgment in compliance with this court's mandate, and entered an order reciting that the Fla.R. Civ.P. 1.540 motion made a prima facie *985 showing. At hearing on the motion, Smith and Frank adopted the testimony contained in their affidavits. Smith explained that his prior testimony was based merely upon an assumption that the information provided him by the assignor of the note was correct. Frank explained that the records of Viking which had been placed into evidence at the trial had not been prepared for the purpose of allocating the payments on the note held by Exchange between principal and interest. Robert Marlin, board chairman of Viking, testified that there was no agreement between Viking and the note assignor providing that the payments be allocated in any other manner than as required by the note.
The trial court noted that appellee DMI could have paid the $17,500.00 and not caused any other default, and said that Viking's only damages thus were $17,500.00. The court granted the motions for relief from judgment, found that DMI breached its obligation to fund Viking the principal amount of $17,500.00, and that that failure to fund did not cause the foreclosure by the first mortgage holder. The court awarded $17,500.00 plus interest to Viking. Judgment was entered in favor of Viking in that sum and in favor of DMI in the amount of its mortgage plus interest of $923,197.96. The award in DMI's favor included an award of $22,500.00 for attorney's fees incurred in prior appellate proceedings, although DMI had neither sought nor obtained an order authorizing an award of attorney's fees from either this court or the supreme court.
Viking relies on the mistake, inadvertence, surprise or excusable neglect provisions of Fla.R.Civ.P. 1.540(b)(1) to support reopening of the judgment, but argues that the court went beyond the issues framed by the motion and reopened the entire case. DMI alleges that the requisite mistake was not shown, and any relief was improper.
Fla.R.Civ.P. 1.540(b)(1) permits relief from final judgments for mistake, inadvertence, surprise or excusable neglect. Viking maintains that the mistakes of the witnesses in testifying incorrectly was a mistake cognizable under this rule but disclaims any other ground for relief such as newly discovered evidence, and made no attempt to meet the standards for relief under any other ground.
The mistake envisioned by the rule is the type of honest and inadvertent mistake made in the ordinary course of litigation, usually by the court itself, and is generally for the purpose of setting the record straight. Danner v. Danner, 206 So.2d 650 (Fla. 2d DCA 1968). In Danner, the court found that the rule did not contemplate a miscalculated reliance by a party upon a representation of the other party.
Mistakes contemplated by the rule include the court's inadvertent signing of an incorrect order. Marx v. Reed, 368 So.2d 101 (Fla. 4th DCA 1979). The entry of final judgment under the mistaken belief that the defendant is in default is also a mistake cognizable under the rule. Odum v. Morningstar, 158 So.2d 776 (Fla. 2d DCA 1963). The types of mistake contemplated are usually factual and made by a party or the court. Cf., 46 Am.Jur.2d Judgments § 717 (1969).
Neither the parties' briefs nor our own research reveal any case in which a mistake of fact by a witness was held to be proper ground for relief under Fla.R.Civ.P. 1.540(b)(1) or the similar Fed.R.Civ.P. 60(b). In Smiles v. Young, 271 So.2d 798 (Fla. 3d DCA 1973), cert. denied, 279 So.2d 305 (Fla. 1973), the court considered a motion for relief from judgment because of a mistake in assumption as to severity of a personal injury. The judgment was based on a settlement and the plaintiff subsequently discovered her injury to be more severe, a fact which had been known by the defendant at the time of settlement. Our sister court reversed the relief which the trial court had granted, noting that the rule does not have as its purpose or intent the reopening of lawsuits to allow parties to state new claims or offer new evidence omitted by oversight or inadvertence. In Kahle v. Amtorg Trading Corp., 13 F.R.D. 107 (D.N.J. 1952), a federal district court was faced with a similar problem in application of Fed.R.Civ.P. 60(b), which provides:

*986 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, ... for the following reasons:
(1) mistake, inadvertence, surprise or excusable neglect... .
The plaintiff averred by affidavit that since the grant of summary judgment against him, he had searched his files and found certain correspondence which he had thought of no importance when the lawsuit began. The court noted that plaintiff could not meet the requirements of the "newly discovered evidence" ground for relief, and held that the ground of mistake was not available to them for a mistake of their own judgment. Accord, Torockio v. Chamberlain Mfg. Co., 56 F.R.D. 82 (W.D.Pa. 1972), aff'd, 474 F.2d 740 (3d Cir.1973). Conversely, we are aware of two federal bankruptcy cases permitting relief from judgment on mistake grounds when a party produces new evidence allegedly overlooked by mistake. Speare v. Consolidated Assets Corp., 360 F.2d 882 (2d Cir.1966); In Re: Harkins, 367 F. Supp. 1370 (N.D.Miss. 1973).
Regardless of the apparent conflict in these federal cases, we hold the mistake of a witness in substantive testimony is not the type of mistake contemplated by Fla.R. Civ.P. 1.540(b)(1). If such evidence comes to light, a diligent party may always have relief pursuant to the "newly discovered evidence" provisions of Fla.R.Civ.P. 1.540(b)(2). The necessary finality of litigation prohibits us from giving parties a second chance at proof they had available in the first instance, but overlooked or chose not to use.
We note that appellee did not file a motion for appellate attorney's fees for the prior appeal in this court as contemplated by Fla.R.App.P. 9.400(b). The award of appellate attorney's fees below was thus improper.
The order setting aside the judgment below is REVERSED, and REMANDED for re-entry of the order entered on our prior mandate.
DANAHY, J., and DEWELL, JOHN H., Associate Judge, concur.