JOHN E. SMITH'S SONS COMPANY
v.
LATTIMER FOUNDRY & MACHINE
COMPANY, Appellant.
No. 12055.

United States Court of Appeals
Third Circuit.

Argued Dec. 3, 1956.

Decided Dec. 28, 1956.

James P. Costello, Jr., Hazelton, Pa., for appellant.

Edward Darling, Wilkes-Barre, Pa., for appellee.

Before BIGGS, Chief Judge, MARIS, Circuit Judge, and KRAFT, District Judge.

MARIS, Circuit Judge.

This is an appeal by the defendant from an order of the District Court for the Middle District of Pennsylvania striking the defendant's motion for a new trial in a suit in which a verdict and judgment thereon had been ren-

dered in favor of the plaintiff. It appears that the judgment was entered on June 1, 1954 and that the defendant filed in the clerk's office on June 5, 1954 its motion for a new trial but did not serve the motion upon counsel for the plaintiff until June 16, 1954. On June 28, 1954 the plaintiff moved to strike the defendant's motion for a new trial on the ground that it was not served within the time required by Civil Procedure Rule 59(b), 28 U.S.C. and on July 6, 1954 the defendant moved for the application of Civil Procedure Rule 60(b), clauses (1) and (6), to its motion for a new trial. The district court first denied the plaintiff's motion to strike but after argument on the motion for a new trial the court filed an opinion in which it concluded that its previous action was wrong and accordingly entered an order striking the motion for a new trial. D.C., 19 F.R.D. 379. The defendant thereupon appealed to this court.

The plaintiff has moved in this court to dismiss the appeal upon the ground that the order from which it was taken is not an appealable order. At the argument of the motion it was agreed by counsel that if this court should decide that we have power to consider the appeal on its merits we may so consider and dispose of it on the record and briefs already filed without further oral argument. We accordingly turn first to the question whether the appeal must be dismissed as having been taken from a nonappealable order.

It is true, as the plaintiff urges, that it has been repeatedly held that an order denying a motion for a new trial is not appealable.[1] This, however, is not because the order is not a final decision within the meaning of Section 1291 of Title 28 United States Code, for it is intrinsically final,[2] but rather because it generally does not involve reviewable subject matter.[3] Ordinarily the denial of a new trial either involves an exercise of discretion, which is unreviewable in the absence of a clear abuse of it,[4] or redetermines questions of law and fact which were settled by the prior judgment of the court and which are, therefore, reviewable only on appeal from the original judgment.[5] However, to the extent that the denial of a motion for a new trial involves new matters arising after the entry of the judgment and which were accordingly not decided by the judgment, it may present appealable subject matter for consideration upon an appeal from the order denying the motion as distinguished from an appeal from the original judgment.[6] In Fairmount Glass

---

1. Jones v. Thompson, 8 Cir., 1942, 128 F.2d 888, 889; Bass v. Baltimore & O. Terminal R. Co., 7 Cir., 1944, 142 F.2d 779, certiorari denied 323 U.S. 775, 65 S.Ct. 135, 89 L.Ed. 619; Thibaut v. Car & General Ins. Corp., 5 Cir., 1950, 181 F.2d 494; Greenwood v. Greenwood, 3 Cir., 1955, 224 F.2d 318.

2. Peterman v. Indian Motorcycle Co., 1 Cir., 1954, 216 F.2d 289, 291.

3. 6 Moore's Federal Practice, 1951, p. 3891.

4. Fairmount Glass Works v. Cub Fork Coal Co., 1933, 287 U.S. 474, 482, 485, 53 S.Ct. 252, 77 L.Ed. 439; Pettingill v. Fuller, 2 Cir., 1939, 107 F.2d 933, 936, certiorari denied 309 U.S. 669, 60 S.Ct. 609, 84 L.Ed. 1015; United States v. Regents of New Mexico School of Mines, 10 Cir., 1950, 185 F.2d 389, 392; Nuttall v. Reading Co., 3 Cir., 1956, 235 F.2d 546, 548.

5. Montgomery Ward & Co. v. Duncan, 1940, 311 U.S. 243, 253, 61 S.Ct. 189, 85 L.Ed. 147; Ford Motor Co. v. Busam Motor Sales, 6 Cir., 1950, 185 F.2d 531, 533–534. See also Southern Pac. Co. v. Guthrie, 9 Cir., 1951, 186 F.2d 926, certiorari denied 341 U.S. 904, 71 S.Ct. 614, 95 L.Ed. 1343.

6. When a motion for a new trial is timely served under Rule 59(b) it tolls the running of the time for appeal from the judgment so that upon its denial an appeal may be taken from the judgment on which any reviewable questions involved in the denial of the new trial may be considered as well as questions settled by the judgment itself. Morse v. United States, 1926, 270 U.S. 151, 153–154, 46 S.Ct. 241, 70 L.Ed. 518; Marshall's United States Auto Supply v. Cashman, 10 Cir., 1940, 111 F.2d 140, certiorari denied 311 U.S. 667, 61 S.Ct. 26, 85 L.Ed. 428. But where, as here, the motion for

Works v. Cub Fork Coal Co., 1933, 287 U.S. 474, 482–483, 53 S.Ct. 252, 255, 77 L.Ed. 439, Justice Brandeis said:

> "Under certain circumstances the appellate court may inquire into the action of the trial court on a motion for a new trial. Thus, its denial may be reviewed if the trial court erroneously excluded from consideration matters which were appropriate to a decision on the motion, Mattox v. United States, 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917; Ogden v. United States, 3 Cir., 112 F. 523; or if it acted on the mistaken view that there was no jurisdiction to grant it, or that there was no authority to grant it on the ground advanced, Felton v. Spiro, 6 Cir., 78 F. 576, 581; Dwyer v. United States, 9 Cir., 170 F. 160, 165; Paine v. St. Paul Union Stockyards Co., 8 Cir., 35 F.2d 624, 626–628."

The present appeal falls into the category just described. For the order from which it was taken clearly had finality, being the final act in the drama of litigation, and it decided a question of law which arose after the entry of the original judgment, namely, whether the district court had power to entertain the defendant's motion for a new trial on its merits under Civil Procedure Rules 59 or 60(b). Accordingly we conclude that the order striking the defendant's motion for a new trial was appealable and that the defendant's appeal therefrom is properly before us for consideration on its merits.

■ When we turn to consider the merits of the appeal it becomes perfectly clear that the district court did not err in striking the defendant's motion. For it is conceded that the motion was not served until 15 days after the judgment was entered. It was, therefore, not timely in view of the express requirement of Rule 59(b) that "A motion for a new trial shall be served not later than 10 days after the entry of the judgment", and the district court accordingly had no power to entertain it.[7]

■ This, however, does not end the case. For as we have seen the defendant moved for the application of Rule 60(b), clauses (1) and (6), to its motion for a new trial. Conceding that under appropriate circumstances the district court may entertain under Rule 60(b) a motion for a new trial which is untimely under Rule 59(b)[8] it is perfectly plain that it may do so only if a showing is made which complies with the requirements of that rule, clause (1) of which requires a showing of "mistake, inadvertence, surprise, or excusable neglect" and clause (6) a showing of "any other reason justifying relief from the operation of the judgment". As we pointed out in Federal Deposit Insurance Corp. v. Alker, 3 Cir., 1956, 234 F.2d 113, 117, Rule 60(b) provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances. Here, however, as the district court has pointed out in its opinion, the defendant's motion for the application of Rule 60(b) contained no allegations whatever which would support the granting of relief under that rule.

Since the motion for a new trial was untimely served under Rule 59(b) and no showing was made of exceptional cir—

---

a new trial is not timely served an appeal from the judgment must be taken within 30 days after the entry of the judgment, as provided by Civil Procedure Rule 73(a), and accordingly an appeal from the denial or dismissal of a motion for a new trial untimely served or brought under Rule 60(b) cannot bring up for review any matters settled by the original judgment from which no appeal has been, or now may be, taken.

7. Safeway Stores v. Coe, 1943, 78 U.S. App.D.C. 19, 136 F.2d 771, 148 A.L.R. 782. See also Raughley v. Pennsylvania Railroad Co., 3 Cir., 1956, 230 F.2d 387; Steward v. Atlantic Refining Co., 3 Cir., 1956, 235 F.2d 570.

8. Federal Deposit Insurance Corp. v. Alker, 3 Cir., 1956, 234 F.2d 113.

cumstances calling for extraordinary relief under Rule 60(b) the district court did not err in striking the motion.

The order appealed from will be affirmed.