**UNITED STATES of America**

v.

**Samuel CARUSO, Rudolph Benvin and Edward Evanchak, Individually and Trading as Caruso Cabinet Works, Western Pennsylvania National Bank, Nicolina Caruso, Alex Sowa, Joseph Grudovich, Marian Slivensky, Elmer Eichelberger, Robert Leland, Steve Mazik, Edward Dill, Richard Stephan, John Flemley and David Cindric.**

**Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Employment Security, Appellant.**

No. 12904.

United States Court of Appeals Third Circuit.

Argued Oct. 8, 1959.

Decided Dec. 15, 1959.

Joseph I. Lewis, Pittsburgh, Pa. (Morley W. Baker, Asst. Atty. Gen., Anne X. Alpern, Atty. Gen., on the brief), for appellant.

Robert E. Kline, Pittsburgh, Pa. (Arthur R. Rack, Rack & Broder, McKeesport, Pa., on the brief), for Western Pennsylvania Nat. Bank, appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and STALEY, Circuit Judges.

BIGGS, Chief Judge.

Following an unsuccessful levy and distraint the United States filed the complaint in the instant case seeking to have certain personal property belonging to Caruso, Benvin and Evanchak, trading as Caruso Cabinet Works, sold to collect taxes due the United States. The sale, pursuant to an order of Judge Willson, was held on March 26, 1958 and the proceeds totaling $9,298.40 were paid into the registry of the court below which then proceeded to determine and adjudicate the priority of various liens against the personal property involved. The Commonwealth of Pennsylvania, which filed a petition for leave to intervene,[1] asserted that it was entitled to priority of payment of sums due the State Unemployment Compensation Fund, 43 P.S. Pa. §§ 841–847. Also making claim to the funds was the Western Pennsylvania National Bank which held a validly recorded chattel mortgage upon some of the property of the partnership. On December 31, 1958, the trial court filed a memorandum opinion and Order for Distribution which gave priority to the Bank's claim over that of the Commonwealth of Pennsylvania.[2]

Assuming *arguendo* that the Commonwealth is a proper party to the record, it appears that the Commonwealth on January 9, 1959, nine days after the order for distribution was filed, filed a motion entitled, "Exceptions to the Order for Distribution". We will treat these exceptions as the equivalent of a motion to alter or amend a judgment under Rule 59(e), Fed.R.Civ.Proc., 28 U.S.C.

The court heard the exceptions and entered an order dismissing them as not conforming with any motion cognizable under the Federal Rules of Civil Procedure, 28 U.S.C. The Commonwealth's notice of appeal from this order was filed on March 12, 1959, within sixty days[3] of the date of the order dismissing the Commonwealth's exceptions, but more than sixty days after the filing of the order of distribution of December 31, 1958.

No party contests the priority of payment granted to the United States, but it is averred that we have no jurisdiction in this case because the Commonwealth did not file its appeal within the sixty days following December 31, 1958, as prescribed by Rule 73(a). We point out that the exceptions of January 9, 1959, filed by the Commonwealth, could not toll the appeal period in accordance with Rule 73(a) for they were not served on the Bank as required by Rules 5(a) and 59(e), Fed.R.Civ.Proc., 28 U.S.C. It follows that in the absence of service the court below did not have the power to grant the exceptions, even if they be considered as constituting a motion.

In accordance with our ruling in Steward v. Atlantic Refining Co., 235 F.2d 570, we must regard the exceptions as a nullity. They could not and did not extend the sixty day appeal period in which

---

1. Insofar as appears from the record no order was made upon this petition by the court below and no leave to intervene was granted.

2. Unreported for publication.

3. The usual appeal period is thirty days but the appeal period is extended to sixty days for all parties when the United States is a party to the suit. Rule 73(a), Fed.R.Civ.Proc., 28 U.S.C.

the appeal could be taken. Cf. Smith's Sons Co. v. Lattimer Foundry & Mach. Co., 3 Cir., 1956, 239 F.2d 815.

The appeal will be dismissed for want of jurisdiction.