Elizabeth **RITACCO** and Roxanne **Ritacco**, Individually and on behalf of all other persons similarly situated

v.

**NORWIN SCHOOL DISTRICT** et al.

Civ. A. No. 72-889.

United States District Court,
W. D. Pennsylvania.

Aug. 3, 1973.

Behrend & Aronson, Pittsburgh, Pa., for Ritacco.

H. Nevin Wollam, Greensburg, Pa., for Norwin School Dist.

McNees, Wallace & Nurick, Harrisburg, Pa., Kuhn, Engle, Blair & Stein, Pittsburgh, Pa., for Western Pennsylvania Interscholastic League and Pennsylvania Interscholastic Athletic Ass'n.

## OPINION AND ORDER

GOURLEY, District Judge.

This is a civil non-jury proceeding in which a declaratory judgment and injunctive relief are sought for alleged deprivation of constitutional rights in violation of the Civil Rights statutes, 42 U.S.C.A. § 1983. The Court has conducted a full and complete trial and has considered the briefs and arguments of counsel. Based thereon, it must be concluded that plaintiff is not entitled to any relief.

Essentially plaintiff contends that she and the class which she assertedly represents have been subject to a deprivation of constitutional rights as a result of a regulation of the Pennsylvania Interscholastic Athletic Association (PIAA), an unincorporated voluntary association of Pennsylvania schools, which required, in effect, separate girls' and boys' teams for interscholastic non-contact sports. Plaintiffs' position is that girls should be permitted to compete on boys' teams, and that there should not be separate teams based on sex.

Plaintiff Roxanne Ritacco graduated from Norwin High School on May 26, 1973. Her mother, plaintiff Elizabeth Ritacco, is a resident and taxpayer of the Norwin School District. It would

appear, therefore, that as to these plaintiffs, the case is moot. Thus, if any viability remains in the present action, the validity of the class action which the Court allowed by granting a motion to amend the complaint on June 4, 1973, must remain. However, on reflection, the Court is compelled to the conclusion that there is no valid class action here. Thus the post-trial motion to amend the caption is superfluous.

■■ The class which Miss Ritacco purports to represent is composed of all female students of the Norwin School District. She is no longer a member of this class. It seems clear that a person cannot represent a class if he or she is not a member of it. "In short, a predicate to [plaintiff's] right to represent a class is his eligibility to sue in his own right. What he may not achieve himself, he may not accomplish as a representative of a class." Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727 (3d Cir. 1970), cert. den., 401 U.S. 974, 91 S.Ct. 1190, 28 L.Ed.2d 323 (1971).

Moreover, this does not constitute a proper delineation of a class action consistent with Rule 23(a) of the Federal Rules of Civil Procedure. The criteria set forth in Rule 23(a) are simply not satisfied since it cannot be determined whether the class is composed of those females who participate in interscholastic athletic contests or those who wish to participate in team sports only if they can do so in competition with males. The record is barren of any indication that any other female student feels that her constitutional rights have been deprived.

It is incumbent on this Court to conclude that no proper class action exists; such a determination may be properly made at any time. As the United States Court of Appeals for the Third Circuit has recently stated, "Rule 23(c)(1) mandates that the district court determine as soon as practicable after commencement of a suit whether a class action is to be allowed. However, the district court retains discretion to modify that determination at any time before a final decision on the merits." Katz v. Carte Blanche Corporation, (3d Cir. Slip Opinion No. 72–1054 filed May 22, 1973, but not as yet published). Without a proper class action, there is no basis for granting plaintiffs any relief.

If the Court is in error in concluding that no proper class action exists, in the alternative, there is no basis for determining that plaintiffs have been denied any constitutional right. Unquestionably the PIAA and the Western Pennsylvania Interscholastic Athletic League (WPIAL), which is an administrative subdivision of the PIAA, have implemented a rule to which all member schools including the Norwin School District are subject, which requires the maintenance of separate non-contact sports teams for males and females. This, for example, prevented plaintiff Roxanne Ritacco from attempting to try out for or become a member of the boys' high school tennis team in 1972, although she did participate on the girls' tennis team. In addition Roxanne Ritacco competed in girls' interscholastic gymnastics and swimming at her high school. The pattern in tennis, gymnastics, and swimming holds true for other interscholastic sports for other member schools of the PIAA and the WPIAL.

■ The question presented for resolution by this action is whether the rule forbidding educational non-contact sports teams invalidly and unfairly discriminates against females. To be invalid under the Civil Rights statutes, the rule must cut across constitutional boundary lines. The rule in question was preceded by regulations which in no way prevented females from trying out and playing on any school sports team. As a practical matter no girls engaged in interscholastic sports prior to 1970 when the rule under scrutiny here was adopted.[1] However, after its implemen-

---

1. In 1970 the member schools of the PIAA duly adopted Article XIX, § 3D of the

PIAA By-laws, which section reads: "Girls shall not practice or compete

tation, there was a virtual mushrooming of girls' interscholastic sports teams in a wide range of sporting activities.

 Superficially, the maintenance of separate sports teams suggests the possibility of a denial of equal protection of the laws, but sound reason dictates that "separate but equal" in the realm of sports competition, unlike that of racial discrimination, is justifiable and should be allowed to stand where there is a rational basis for the rule. McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). Sex, unlike race, is not an inherently suspect classification. Indeed it seems clear that where the opportunities for engaging in sports activities are equal, as is true here, the rule requiring separate teams based on sex fosters greater participation in sports. Bucha v. Illinois High School Ass'n., 351 F.Supp. 69 (N. D.Ill., 1972).

The Court is convinced that the prime purpose behind the no-mixed-sex-competition rule is a valid one seeking to enhance the quality, quantity, and calibre of interscholastic sports opportunities for girls and boys in Pennsylvania. Male domination in the various sports activities is an historical fact in Pennsylvania schools prior to adoption of the 1970 rule. There is ample evidence that this is no longer the case in Pennsylvania. Moreover, the rule has a rational basis in physiological and psychological differences which exist between males and females. This has been well expressed recently as follows:

> There are, of course, substantial physiological differences between males and females . . . [M]en are taller than women, stronger than women by reason of a greater muscle mass; have larger hearts than women and a deeper breathing capacity, enabling them to utilize oxygen more efficiently than women, run faster, based upon the construction of the pelvic area, which, when women reach

puberty, widens, causing the femur to bend outward, rendering the female incapable of running as efficiently as a male. These physiological differences may, on the average, prevent a great majority of women from competing on an equal level with the great majority of males. The differences may form a basis for defining class competition on the basis of sex, for the purpose of encouraging girls to compete in their own class and not in a class consisting of boys involved in interscholastic athletic competition. Brenden v. Independent School Dist. 742, 342 F.Supp. 1224, 1233 (D.Minn. 1972), aff'd 477 F.2d 1292, 4/18/73, (8th Cir. 1973), not as yet officially reported.

Accordingly, the present rule in the considered judgment of the Court is proper and should be allowed to stand.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate order is entered.

against boys in any interscholastic athletic contest, riflery excepted." In 1972,

the member schools deleted the riflery exception.