**Richard J. MAYBERRY, Appellant,**

v.

**James F. MARONEY, Superintendent, State Correctional Institution, Appellee.**

**No. 75–1558.**

United States Court of Appeals, Third Circuit.

Argued Oct. 30, 1975.

Decided Jan. 19, 1976.

Michael L. Rosenfield, Berlin, Boas, Isaacson, Logan, Rosenfield & Sharon, Pittsburgh, Pa., for appellant.

John M. Duff, Deputy Atty. Gen., Dept. of Justice, Robert P. Kane, Atty. Gen., Pittsburgh, Pa., for appellee.

Before GIBBONS, Circuit Judge, MARKEY,* Chief Judge, U. S. Court of Customs and Patent Appeals, and WEIS, Circuit Judge.

## OPINION OF THE COURT

MARKEY, Chief Judge, U. S. Court of Customs and Patent Appeals.

### INTRODUCTION

This is an appeal from orders of the district court for the Western District of Pennsylvania, granting the motion of appellee (Commonwealth)[1] for relief from a consent judgment and denying standing to appellant (Mayberry). We vacate the orders appealed from and remand for an evidentiary hearing on the Commonwealth's motion for relief from the consent judgment.

### BACKGROUND

Mayberry, then an inmate at the State Correctional Institution at Pittsburgh (Western Penitentiary), filed a civil rights action on July 29, 1966, naming the superintendent of that institution as defendant. Mayberry sought to enjoin

---

* Sitting by designation.

1. James F. Maroney had been succeeded as superintendent prior to entry of the consent judgment involved herein.

confinement of inmates in the basement area of the Behavior Adjustment Unit (BAU) of that institution. That action was converted to a class action, encompassing all persons who were or might in the future be subject to such confinement. On January 18, 1973, a consent judgment was approved by the district court. Mayberry withdrew his claim for damages and confinement of inmates in the BAU was discontinued.

Without notice to the court or to Mayberry (who had been transferred to another institution within the same penal system) confinement in the BAU was reinstituted in December, 1973. The conditions of confinement were modified over those in effect prior to January, 1973. On October 17, 1974, more than ten months after confinement was reinstituted, the Commonwealth moved under Fed.R.Civ.P. 60(b) to vacate-in-part the consent judgment, so as to permit confinement in the BAU, alleging exceptional circumstances in these words:

Experience has indicated conclusively that no effective substitute for such segregated confinement is available under present circumstances at Western, and that as much for the sake of the other residents of the BAU as for the preservation of discipline and order, the use of the area in question on an emergency or crisis basis is an absolute necessity.

The motion also stated that the Governor of Pennsylvania had ordered the basement of the BAU to be closed after a personal visit. That order was put into effect by a memorandum dated January 19, 1972. On December 11, 1973, the Governor rescinded his order and the basement area was reopened.

Mayberry moved to dismiss the motion because he considered it untimely, unsupported, and barred by laches. A conference was held on October 30, 1974 before the district court, with counsel for both parties present. The court ordered that both parties should file briefs and that "thereafter the matter shall be set down for hearing or further argument as is appropriate." Briefs were filed in due course. Without a hearing, the district court granted the Commonwealth's motion by an order dated January 15, 1975. That first order amended the consent judgment to permit confinement in the BAU under the modified conditions then in effect, including numerous specific limitations, among which was the limitation to emergency confinement not to exceed 48 hours in each instance.

In an accompanying opinion the court dismissed Mayberry's arguments regarding timeliness and lack of support on the basis of the court's "residual discretionary power," under Rule 60(b), to accomplish justice by amending a judgment in the light of changed circumstances. After noting that the Governor of the Commonwealth had visited the institution, the court observed:

The experience of the prison officials at Western Penetentiary [sic] since the entering of the consent judgment has demonstrated that there is no effective substitute for such segregated confinement as a disciplinary but non-punitive tool.

The court further exercised its discretion in concluding that the present circumstances were insufficient to invoke the doctrine of laches. The court stated:

Assuming he [Mayberry] still has standing to raise the question, plaintiff [Mayberry] is under no disability which would prevent him from bringing another cause of action on this same question, either to seek damages or to test the constitutionality of this [c]ourt's judgment, whether or not the original 1973 consent judgment is modified. Moreover, modification of the 1973 judgment would not prevent any prisoner affected by the modified judgment from bringing a cause of action against the new BAU regulations.

On February 4, 1975, Mayberry moved for reconsideration claiming that it had been agreed that an evidentiary hearing would be conducted if his motion to dismiss were denied, that Mayberry had by letter dated November 12, 1974, notified the court of his desire to try the case if

his motion were denied, that he was not contending that consent decrees cannot be changed, but that due process required a full hearing before a consent decree could be modified over the objections of a party. The motion for reconsideration was denied by a second order of the court, entered April 9, 1975, and accompanied by an opinion which included:

> Plaintiff's motion will be denied for the reason that he is without standing to raise the issue since he is not now an inmate at Western Penetentiary [sic]. In the words of Judge Gourley of this [c]ourt:

> "[A] person cannot represent a class if he or she is not a member of it . . . 'what he may not achieve himself, he may not accomplish as a representative of a class.' *Kauffman v. Dreyfus Fund,* 434 F.2d 727 (3rd Cir. 1970)" *Ritacco v. Norwin School District,* 361 F.Supp. 930 (W.D.Pa. 1973).

### ISSUES

The issues before us are (1) whether the district court erred in granting the Commonwealth's motion for relief from the consent judgment under Fed.R.Civ.P. 60(b), and (2) whether the district court erred in denying Mayberry's motion for reconsideration and hearing on the ground that Mayberry lacked standing.

### OPINION

Under Fed.R.Civ.P. 60(b)(5) and (6), a Federal District Court has discretion to modify a judgment in the interest of justice as reflected in changed circumstances. 7 *J. Moore, Federal Practice* ¶¶ 60.26, 60.27 (2d ed. 1975). The present appeal appears to involve considerations falling within the purview of Rule 60(b)(5) as well as those within Rule 60(b)(6). Under Rule 60(b)(5), it may well be "no longer equitable" that the consent judgment herein "should have prospective application." To accomplish justice, a court may vacate a judgment for any adequate reason coming within the "other reason" wording of

clause (6) of the Rule. *Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949). There must, however, be adequate evidence of changed circumstances or reasons before a judgment may be modified under either segment of Rule 60(b).

### THE MOTION FOR RELIEF

The Commonwealth's motion for relief from the consent judgment rests primarily on the unsupported allegation of emergency circumstances quoted above. In Mayberry's brief here, concerning his motion to dismiss, he argues that the Commonwealth had failed to establish a change in circumstances from the time the consent judgment was entered. Neither party filed affidavits. In considering the motion to dismiss, pleadings by the Commonwealth must be taken as true. Mere allegations by Mayberry could not raise a fact issue. Absent a factual issue, Mayberry's motion to dismiss was properly denied.

The granting of the Commonwealth's motion for relief from the consent judgment, however, stands on another footing. The assumption that the Commonwealth's allegations were factually based, though a proper procedural tool when those allegations are challenged as failing to state a cause of action, cannot be employed as proof of the facts alleged when the motion is to be granted or denied on its merits. As above indicated, the record contains no proof or evidentiary support for those allegations. As reflected in Mayberry's motion for reconsideration, the truth of the Commonwealth's allegations was challenged from the outset and continuously by Mayberry.

In *Torockio v. Chamberlain Mfg. Co.,* 56 F.R.D. 82 (W.D.Pa.1972), aff'd 474 F.2d 1340 (3rd Cir. 1973), citing *John F. Smith's Sons Co. v. Lattimer Foundry & Mach. Co.,* 239 F.2d 815 (3rd Cir. 1956), it was stated that, "[R]ule 60(b) provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." Such a showing, which must be based upon adequate proof es-

tablishing its exceptional character, was not made here. The district court erred, therefore, in proceeding, without an evidentiary hearing, to grant the Commonwealth's motion solely on the unsupported allegations therein.

■ We note the inexplicable conduct of the Commonwealth in reopening the basement of the BAU in December of 1973, despite its express agreement to the contrary in the consent decree filed some ten months earlier. The consent decree became the judgment of the court and the state officials were no more free to disregard its terms than are other litigants. *Morris v. Travisono,* 509 F.2d 1358 (1st Cir. 1975). While the appellee in its brief recites facts not of record in an attempt to justify the state's action, we note that such allegations are unsworn and were not presented to the district court. Even if, with proper support, such allegations might justify modification of the consent decree, that is not to say that they would excuse the failure to apply to the district court before taking unilateral action. Mayberry raises, for the first time on appeal, the question of whether the Commonwealth's confinement of prisoners in the BAU in violation of the consent judgment constitutes contempt. Because the district court did not consider that question, and because an evidentiary record relating thereto does not exist, we decline to consider it.

We are certain that the district court will give proper consideration to modification of the consent decree based upon all relevant factors. Until such time, however, as a modification is ordered by the court, its original judgment stands as written and the state must abide by it.

There being no evidentiary record before us, we do not pass upon the merits of the Commonwealth's motion nor do we limit the district court in its consideration of material which it deems appropriate to a proper resolution of the issues presented.

Accordingly, we reverse the first order of the district court and remand for an evidentiary hearing on the merits of the motion for relief from the consent judgment.

## MAYBERRY'S STANDING

■ Mayberry's motion for reconsideration and hearing was denied for lack of standing. We addressed a similar issue in *Conover v. Montemuro,* 477 F.2d 1073 (3rd Cir. 1973). In that case, two juveniles maintained a civil rights class action challenging the intake procedures of the Philadelphia juvenile court. Because the plaintiff juveniles were no longer subject to those procedures, the district court suggested the action as moot. We disagreed, because the juveniles were still domiciled in Philadelphia and might in the future, therefore, be subject to the challenged procedures, and, further, because several class members remained with active claims. We held that the plaintiff juveniles retained standing as adequate representatives of the entire class, even though they were not at the time subject to the challenged procedures.

Mayberry, at the time of his original suit, was subject to the confinement in the BAU. Although he is no longer an inmate of the institution housing the BAU, he remains an inmate of the penal system encompassing that institution and might in the future, therefore, be subject to confinement in the BAU. Consistent with *Conover,* supra, we hold that Mayberry retains standing as an adequate representative of the entire class and reverse the second order of the district court.

## DECISION

As above indicated, Mayberry properly concedes that a consent decree may be changed. Under Fed.R.Civ.P. 60(b)(5) a party may be relieved from the operation of a judgment when it is determined that it is no longer equitable that the judgment should have prospective application or, under section (6) of Rule 60(b), upon determination that any other justifying reason exists. We reverse both orders of the district court and remand for an evidentiary hearing on the

Commonwealth's motion for relief from the consent judgment of January 18, 1973.

GIBBONS, Circuit Judge (concurring).

While I concur in the opinion of the Court certain points require clarification and emphasis.

In *Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949), the Supreme Court held that a trial court is empowered by Fed.R.Civ.P. 60(b)(6) to vacate a judgment whenever such action is appropriate to accomplish justice. A year later it stressed that only in extraordinary circumstances should the trial court do so. *Ackermann v. United States,* 340 U.S. 193, 71 S.Ct. 209, 94 L.Ed. 1371 (1950). This Circuit has consistently held that in order to grant a motion under Rule 60(b)(6) the movant must allege and prove such extraordinary circumstances as will be sufficient to overcome our overriding interest in the finality of judgments. *See, e. g., Stradley v. Cortez,* 518 F.2d 488 (3d Cir. 1975); *John E. Smith's Sons Co. v. Lattimer Foundry & Machine Co.,* 239 F.2d 815 (3d Cir. 1956); *Federal Deposit Insurance Corp. v. Alker,* 234 F.2d 113 (3d Cir. 1956). Considering that the final judgment from which the Commonwealth of Pennsylvania seeks relief was a consent decree manifesting its earlier free, calculated and deliberate choice to forego use of the BAU basement for confinement of prisoners and that the need for protective segregation of prisoners at Western Penitentiary, which the Commonwealth now urges as a new condition justifying relief under Rule 60(b)(6), was certainly well known at the time of the consent decree, the Commonwealth probably will have a heavy burden of proof at the evidentiary hearing. *See, e. g., Ackermann v. United States, supra* at 198, 71 S.Ct. 209, 95 L.Ed. 207. Rule 60(b)(6) confers no standardless residual discretionary power to set aside judgments on mere second thought. *See, e. g., United States v. 12.381 Acres of Land, etc.,* 109 F.Supp. 279, 282 (D. N.M.1953).

On the standing issue, I would only note that we have not here dealt with the proper procedure to be followed when the named representative of a certified class leaves the class after entry of final judgment. That issue would have been presented, if, for example, Mayberry had been unconditionally discharged from prison. In such a situation it certainly would be appropriate, and probably essential, for the district court to order the substitution of another class member as the named representative in order to litigate the interests of the remaining class members.

Finally, the confinement of prisoners in the BAU basement in violation of the consent decree for ten months prior to the date the Commonwealth moved for relief from that judgment presents a contempt issue which Mayberry raised for the first time in his appellate brief. This Court does have the power to hear that issue. Although the general rule is that absent exceptional circumstances an issue not raised in the lower court will not be heard on appeal, *Bethlehem Mines Corp. v. United Mine Workers of America,* 494 F.2d 726 (3d Cir. 1974), we have only recently reaffirmed that "this rule is only a rule of practice and may be relaxed whenever the public interest or justice so warrants." *Franki Foundation Co. v. Alger-Rau & Associates, Inc.,* 513 F.2d 581, 586 (3d Cir. 1975). Appellee has admitted being in violation of the consent decree for ten months with no attempt to notify the district court or to seek relief from that judgment. (Appellee's Brief at 5). Scrupulous obedience of the orders of federal courts is surely a matter of overriding public interest.

We are remanding. I assume that the district court will, when the case is returned to it, give appropriate consideration to sanctions for what amounts to a fundamental challenge to the legal system under which we live. If judgments do not settle legal relationships, at least so long as they have not been modified by court action, there is little need for the priesthood of the judiciary. Witch doctors would do as well.