Faye I. KOSTENBAUDER, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCA-
TION, AND WELFARE, Defendant.

Grace YASENCHAK, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCA-
TION, AND WELFARE, Defendant.

Irene B. LAHNSTEIN, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCA-
TION, AND WELFARE, Defendant.

Clara KERN, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCA-
TION, AND WELFARE, Defendant.

Charles J. REED, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCA-
TION, AND WELFARE, Defendant.

George E. FEASTER, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCA-
TION, AND WELFARE, Defendant.

Civ. Nos. 74–223, 75–70, 75–97, 75–142,
75–509 and 75–522.

United States District Court,
M. D. Pennsylvania.

June 7, 1976.

As Corrected July 26, 1976.

Charles A. Bressi, Jr., Kulpmont, Pa., for plaintiffs.

Harry A. Nagle, Joseph F. Cimini, Lewisburg, Pa., James W. Walker, Scranton, Pa., for defendant.

## OPINION

MUIR, District Judge.

Five of the above-captioned cases involve an appeal from the decision of an Administrative Law Judge, acting on behalf of the Secretary of the United States Department of Health, Education, and Welfare, which denied the named Plaintiff's claim for "Black Lung" benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. §§ 901 et seq. The *Reed* case involves an appeal of the Secretary's decision to deny Reed's claim for the establishment of a period of disability or disability insurance benefits under the Social Security Act.

All six Plaintiffs were represented by Peter Krehel, Esq., when their suits were filed. In each case, the Secretary filed a motion for summary judgment and a brief in support thereof. The Plaintiffs were given 20 days from the receipt of the supporting brief to respond. When no opposing briefs were forthcoming within the allotted time, the summary judgment motions were, pursuant to Rule 301.01(e), M.D.Pa.,[1]

deemed unopposed and were granted on the following dates:

(a) Civil No. 75–142 (Kern), October 22, 1975.

(b) Civil No. 75–97 (Lahnstein), November 10, 1975.

(c) Civil No. 74–223 (Kostenbauder), December 9, 1975.

(d) Civil No. 75–509 (Reed), December 10, 1975.

(e) Civil No. 75–70 (Yasenchak), December 11, 1975.

(f) Civil No. 75–522 (Feaster), March 11, 1976.

In the fall of 1975, Peter Krehel was engaged in a campaign for Judge of the Court of Common Pleas of Northumberland County which ultimately proved successful. At various times after his election, the above-captioned cases were turned over to other counsel. All the 1975 judgments were entered while Krehel was counsel of record and still a lawyer. The 1976 judgment was entered after Krehel's investiture but while his name was that of sole counsel of record. Presently pending in each case is a motion to open summary judgment filed by the Plaintiffs' present counsel.

These cases are six of many cases in which judgment was entered against the Plaintiff by reason of Krehel's failure to file briefs in opposition to motions for summary judgment. On April 30, 1976, the Court issued an order in the *Yasenchak, Lahnstein,* and *Kern* cases directing the Clerk of Court to compile a list of such cases. The Clerk determined that during the period January 1, 1975 to April 30, 1976, 52 cases were dismissed by the judges of this Court because of Krehel's failure to file a brief in opposition to a motion for summary judgment by the Secretary. The report is filed in each of the above six cases and although Plaintiffs' counsel was given 15 days in which to dispute the report, he has not done so.

---

1. (e) *Submission of Briefs or Memoranda Opposing Motions.* Any party opposing any motion, shall file a responsive brief, together with any opposing affidavits, deposition transcripts

or other documents, within ten (10) days after service of the opposing brief. Any respondent who fails to comply with this rule shall be deemed not to oppose such motion.

The Plaintiffs cite three circumstances which they contend militate in favor of their motions to reopen the above-captioned cases:

(1) Krehel's involvement in a political campaign,

(2) The sudden departure of a key employee of Krehel's whose responsibility it was to handle deadlines for the filing of various documents, and

(3) Krehel's tremendous caseload.

Motions for relief from judgment are governed by F.R.Civ.P. 60.[2] Movants' briefs treat the Rule in a most cursory fashion. However, Assistant United States Attorney Cimini has submitted an exhaustive and thorough analysis of a Rule 60 motion. Because the Court finds that the situation which led to the entry of summary judgments in these cases does not come within any of the circumstances which would trigger relief under Rule 60, the motions to open judgment will be denied.

### I.  Rule 60(a)

Rule 60(a) deals with clerical mistakes and is, of course, inapplicable here.

### II.  Rule 60(b)(1)

■ Rule 60(b)(1) allows relief from judgment where it is shown that "mistake, inadvertence, surprise, or excusable neglect" caused the entry of judgment against the moving party. Plaintiffs argue that the circumstances enumerated above constitute "inadvertence" or "excusable neglect". The Court does not agree.

As a general proposition, "[R]ule 60(b) provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Mayberry v. Maroney,* 529 F.2d 332 (3d Cir. 1976); *.Torockio v. Chamberlain Manufacturing Company,* 56 F.R.D. 82 (W.D.Pa.1972), aff'd 474 F.2d 1430 (3d Cir. 1973); *John E. Smith's Sons Company v. Lattimer Foundry & Machine Company,* 239 F.2d 815 (3d Cir. 1956). As part of a series of 52 cases with similar histories, there is nothing "extraordinary" or "exceptional" about these six cases. Furthermore, in the more specific terms of the categories enumerated in Rule 60(b)(1) no demonstration has been made of "inadvertence" or "excusable neglect".

The seeking of elected office by an attorney is, of course, proper. But it cannot justify conduct which is prejudicial to clients or to the efficient operation of the Court. Rule 60(b)(1) is not a license for attorneys who are political candidates to postpone with impunity the disposition of their cases. The holding in *International Association of Machinists and Aerospace Workers v. Reeve Aleutian Airways, Inc.,* 330 F.Supp. 332, 333 at footnote 1 (D.Ala. 1971), which involved relief from the granting of an unopposed motion for summary judgment where a failure to respond was caused by local counsel's being appointed Judge of the Superior Court of the State of

---

**2.** The pertinent portions of Rule 60 are:

Rule 60.

Relief from Judgment or Order

*(a) Clerical Mistakes.* Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

*(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Alaska, has only a superficial similarity to the situation before this Court. The judge whose appointment lead to the entry of judgment against the plaintiff was only local counsel and the district court recognized the difficulties encountered by plaintiff's out-of-state counsel in obtaining substitute local counsel. Furthermore, and most importantly, the case was an isolated occurrence and not part of a course of conduct which extended over 16 months. There is no allegation that even once he was elected Krehel acted diligently to transfer his pending cases to other counsel.

It is the undersigned's policy not to recognize an excessive caseload as a valid reason for an attorney's failure promptly to file documents. The hoarding of cases is a primary cause of unsatisfactory processing of cases, which, in turn, leads to crowded dockets. Attorneys who are overworked file inadequate motions and briefs, are unprepared, and constantly seek continuances.

Although participation in a political campaign and an excessive caseload are two conditions which may cause an attorney to neglect some of his clients, such neglect is not "excusable" nor can it be termed "inadvertent" when it occurs 52 times over a long period.

The sudden and unexpected loss of a key individual might serve as the basis for a showing of "excusable neglect" or "inadvertence" in a limited number of situations. However, it does not explain the extended course of conduct which is involved here. It may well be that the failure to file a responsive brief in one or more of the above-captioned cases was caused by the sudden departure of Krehel's secretary. However, there is nothing in the affidavit filed by Krehel in support of the motions to open judgment which indicates the date his secretary resigned. Consequently, the Court does not have sufficient information to ascertain whether the six cases in question were at all affected by that occurrence. Also, one would expect that if that circumstance did explain an inability to file a timely responsive brief, it would be brought to the Court's attention promptly. Nevertheless, in those cases handled by the undersigned judge, no motions for extension of time to answer were filed and no motions to reopen were submitted by Krehel. This is not the chain of events one would expect where "inadvertence" or "excusable neglect" was the reason for the absence of briefs.

### III. Rules 60(b)(2) through 60(b)(5)

There is no allegation of newly discovered evidence, fraud, nullity of judgment, or satisfaction of judgment. Consequently, Rules 60(b)(2) through 60(b)(5) are inapplicable to the present motions.

### IV. Rule 60(b)(6)

Rule 60(b)(6) is a catch-all provision which permits relief for "any other reason justifying relief from the operation of judgment". In order to have the benefit of Rule 60(b)(6), the movant must demonstrate some "exceptional circumstance" which is not encompassed by the preceding five subsections of Rule 60(b). See *F. D. I. C. v. Alker*, 234 F.2d 113, 117 (3d Cir. 1956) and *John E. Smith's Sons Company v. Lattimer Foundry & Machine Company*, 239 F.2d 815 (3d Cir. 1956). Although the Court is sympathetic to the absence of blame on the part of the Plaintiffs and present counsel, it simply cannot say that the reason for the failure to file responsive briefs rises to the level of "an exceptional circumstance". Some courts have held that the gross negligence of counsel combined with his client's innocence, constitutes "any other reason justifying relief". See, for example, *King v. Mordowanec*, 46 F.R.D. 474 (D.R.I.1969). However, such a position runs counter to the Supreme Court's statement in *Link v. Wabash Railroad Company*, 370 U.S. 626, 633–634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734:

"There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the ac-

tion, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' *Smith v. Ayer,* 101 U.S. 320, 326, 25 L.Ed. 955."

■ Judgments under Rule 301.01(e) are purely prophylactic. The Plaintiffs argue that the summary judgments entered in their cases must be re-opened because the Secretary's motions were granted without any regard to the merits of the underlying case. Plaintiffs' suggestion is untenable. It is the duty of litigants to air fully their positions and to assist the Court's understanding of a particular question. To require the Courts to research and analyze motions without the benefit of briefing would place tremendous and unacceptable demands on the judiciary. Consequently, the mere fact that the summary judgments in the above-captioned cases were entered with no discussion of the merits is not a ground for reopening them. In this same vein, it would appear that on a motion to set aside judgment the movants have a duty to make some demonstration that their position on the merits is likely to succeed. Cf. *Medunic v. Lederer,* 533 F.2d 891 (3d Cir. 1976); *Universal Film Exchanges, Inc. v. Lust,* 479 F.2d 573 (4th Cir. 1973); *Residential Reroofing Union Local 30–B v. Mezicco,* 55 F.R.D. 516 (E.D.Pa. 1972).[3] No such showing has been attempted in any of the six cases.

■ The Court recognizes the standard of "liberality" which is to be applied when acting on a motion to set aside default judgments as well as the proposition that cases are preferably to be decided on their merits. *Medunic v. Lederer, supra; Gomes v. Williams,* 420 F.2d 1364 (10th Cir. 1970);

*Tozer v. Charles A. Krause Milling Company,* 189 F.2d 242, 245–246 (3d Cir. 1951). However, unless a hopeless backlog and glacial disposition of cases is to be tolerated, it is vital to the efficient operation of the Court that it have available to it tools such as Rule 301.01(e) for the processing of cases. Rule 60(b) was not intended to undermine such measures by permitting the re-opening of all judgments entered as the result of an attorney's failure diligently to pursue his client's interest. If the instant motions were granted, the unacceptable practices which have lead to the current situation would be encouraged. In denying the motions, the Court is of the view that the prejudice to the Plaintiffs, although real and regrettable, is outweighed by the benefits which redound to other litigants when the Court is able to prevent the propagation of unacceptable practices and inefficiencies and, thus, able to maintain a current docket. Plaintiffs have their remedies, if any, against Judge Krehel.

■ The Court does not view its present action as adherence to form for form's sake. Where there is a legitimate basis for a procedural rule, the requirement that it be followed to the letter, although it may work hardship on parties in a particular case, is not impermissible. Cf. *Lowenstein et al. v. Pepsi Cola Bottling Company v. Pennsauken,* 536 F.2d 9 (3d Cir. 1976).

An appropriate order will be entered.

---

**3.** Although the judgment in *Medunic* was taken against a defendant, the Court is of the view that the principles enunciated in that case are applicable here where summary judgment was entered by default against a plaintiff.