

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-1-2007

# Azubuko v. Bell Natl Org

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1687

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Azubuko v. Bell Natl Org" (2007). *2007 Decisions.* Paper 639.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/639

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-305                                                             NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 07-1687
_____

CHUKWUMA E. AZUBUKO,

Appellant

v.

BELL NATIONAL ORGANIZATION;
JAQUELINE SEDGERICK, IN INDIVIDUAL AND OFFICIAL CAPACITY;
MAURICE NOBLES, IN INDIVIDUAL AND OFFICIAL CAPACITY
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-05647)
District Judge:  Honorable Robert B. Kugler
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 19, 2007

BEFORE:  BARRY, AMBRO and FISHER, CIRCUIT JUDGES.

(Filed: August 1, 2007 )
_____

OPINION
_____

PER CURIAM

This is an appeal from the District Court's dismissal of Chukwuma Azubuko's complaint. For the following reasons, we will dismiss this appeal. See 28 U.S.C. § 1915(e)(2)(B)(i).

On December 1, 2005, Azubuko initiated this action by filing a complaint. On January 10, the District Court issued an order finding the complaint deficient, inter alia, for failure to comply with Federal Rule of Civil Procedure 8(a). The court directed Azubuko to file an amended complaint by January 24 or the matter would be dismissed. On January 18, Azubuko filed a motion for reconsideration of the court's order; he failed, however, to file an amended complaint. On February 9, well after the imposed deadline, the court dismissed the complaint. Azubuko filed a motion for reconsideration which the court denied on July 5, 2006. On January 8, 2007, Azubuko filed a motion to reopen his case under Federal Rule of Civil Procedure 60(b). On February 13, the District Court denied the motion. Azubuko filed a timely notice of appeal from that order.

We review the denial of a Rule 60(b) motion for an abuse of discretion. See Coltec Indus. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002). Rule 60(b) "provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." Mayberry v. Maroney, 529 F.2d 332, 335 (3d Cir. 1976). The District Court's dismissal of Azubuko's suit was entirely appropriate. A district court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and under Federal Rule of Civil Procedure 41(b). See Link v. Wabash R.R. Co.,

2

370 U.S. 626, 630-31 (1962). Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties. See Landon v. Hunt, 977 F.2d 829, 833 (3d Cir. 1992). Ordinarily a district court is required to consider and balance six factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), when deciding, sua sponte, to use dismissal as a sanction. When a litigant's conduct makes adjudication of the case impossible, however, such balancing under Poulis is unnecessary. See Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994). We find that this is such a case, as Azubuko's initial filing provided no basis for the district court to proceed with his case nor for an opposing party to respond to his allegations. Azubuko then failed to comply with an explicit order to make his allegations plain by filing an amended complaint. Such facts warranted the sanction of the District Court's dismissal.

In sum, because Azubuko's appeal lacks arguable legal merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).